El Pueblo de Puerto Rico, demandante y apelado, *v.* Leila Nazario de Martínez, acusada y apelante. El Mismo *v.* La Misma.

Nos. 5853, 5854.—*Sometidos:* Febrero 3, 1936. *Resueltos:* Febrero 5, 1936.

*A. Lastra Charriez* y *Justo Casablanca,* abogados de la apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Declarada culpable Leila Nazario de Martínez de un delito de homicidio voluntario y de otro de portar un arma prohibida, apeló de ambas sentencias para ante este tribunal por escritos radicados en abril 17, 1935. Para perfeccionar sus recursos pidió a la corte que ordenara al taquígrafo que preparara la transcripción de la evidencia. La corte accedió.

A su vez el taquígrafo en abril 29, 1935, pidió a la corte que ordenara a la apelante que consignara en la secretaría de la corte quinientos dólares en la causa de homicidio y ciento cincuenta en la de portar armas para asegurar el pago de sus honorarios. También la corte accedió.

Pidió entonces la apelante a la corte que reconsiderara su última orden y la declarara pobre con derecho a obtener gratuitamente la transcripción. Expresó las razones en que basó su petición, mencionando la circunstancia de haber entregado al taquígrafo la suma de cien dólares que fué todo lo que pudo reunir. Se opuso el taquígrafo. Y la corte por estimar que la moción de la apelante no estaba debidamente jurada, la declaró sin lugar.

Pidió la apelante reconsideración explicando los motivos por los cuales la moción fué jurada por los abogados de la apelante y no por ésta y acompañando una declaración jurada de María Dolores Rivera viuda de Nazario, madre de la apelante, relativa al estado de pobreza en que ésta se encontraba. Y la corte negó la reconsideración.

Las notificaciones de apelación se formularon como sigue:

En el caso de homicidio: "Los abogados que suscriben en representación de Leila Nazario comparecen y ante esta Honorable Corte alegan: 1. Que en el presente caso y como un incidente del proceso se solicitó que el Tribunal declarara insolvente a Leila Nazario a los efectos de obtener la transcripción de la evidencia del juicio oral y la corte resolviendo en definitiva dicha insolvencia ha declarado sin lugar la solicitud; dicha resolución fué dictada en 10 de junio, corriente. —2. Que no estando conforme con la ameritada resolución, la cual niega a la acusada Leila Nazario el derecho a defenderse como pobre, apela de la misma por exposición del caso, para ante el Hon. Tribunal Supremo de Puerto Rico."

Y en el caso de portar armas: "Los abogados que suscriben, en representación de Leila Nazario, comparecen y ante esta Honorable Corte alegan: Que en el presente caso y como un incidente del proceso se solicitó que el tribunal declarara insolvente a Leila Nazario de Martínez, la acusada, a los efectos de obtener la transcripción de la evidencia del juicio oral libre de derechos, y la corte, resolviendo en definitiva dicha cuestión, ha declarado sin lugar la solicitud y las reconsideraciones que posteriormente se han so-

licitado.—Que no estando conforme con la ameritada resolución, la cual niega a la acusada Leila Nazario el derecho a defenderse como insolvente, APELA de la misma para ante el Hon. Tribunal Supremo de Puerto Rico.''

La apelante radicó un solo alegato para ambos recursos y señalado día para la vista de las apelaciones en sus méritos, el taquígrafo pidió la desestimación de las mismas por moción oída el 3 de febrero actual. Se funda el taquígrafo en que:

''La apelación intenta establecerse contra una orden que en sí no es apelable, puesto que la de 11 de junio de 1935, que aparece transcrita a la página 33 de la transcripción de autos, es una resolución que se niega a reconsiderar una resolución de mayo 27 de 1935 (página 16 de la transcripción de autos) y ésta, la de mayo 27 de 1935, fué negando solicitud de insolvencia hecha por la propia apelante, en otras palabras: que no fué dictada a sus espaldas, no estando, por tanto, comprendida dentro de la excepción a la regla general.''

Y en el alegato que radicara en apoyo de su moción, expresa:

''Existiendo, como existen, tres resoluciones que versan sobre el mismo incidente de pobreza, ha debido expresarse la fecha de la resolución, de acuerdo con la jurisprudencia, para poder identificarla. Sin la fecha no es posible identificar la resolución apelada y en este caso se hacía mucho más necesario especificar la fecha de la resolución de la cual se intentaba apelar puesto que la resolución última o sea la del 11 de junio de 1935, no es apelable toda vez que en ella la corte se niega a reconsiderar una orden o resolución que era en sí apelable. (Citas).

''Y este caso no está incluído en la excepción puesto que la orden cuya reconsideración se solicita por la apelante fué una dictada por la corte, negando la solicitud de insolvencia presentada por la propia apelante. La orden apelable en este caso hubiera sido la de mayo 27 de 1935 en la cual la corte negó la petición de insolvencia presentada por la apelante y ¿qué hay en ese escrito de apelación que nos diga que se apela de esa orden? En el escrito de apelación se habla de una resolución dictada en junio 10 y en esa fecha la corte no dictó orden ni resolución de clase alguna. Así pues, en el escrito de apelación no hay nada que nos haga creer siquiera por un instante que

fué la intención de la apelante apelar de la orden de 27 de mayo de 1935.''

No hay duda alguna de que las notificaciones de apelación se redactaron descuidadamente y se prestan a erróneas interpretaciones. Sin embargo, surge tan clara la intención de apelar de la resolución de la corte sentenciadora que negó a la apelante el beneficio de pobreza a los efectos de tramitar sus apelaciones interpuestas contra las sentencias dictadas en las causas de homicidio y portar armas, que a nuestro juicio sería injusto desestimar los recursos por falta de identificación.

La resolución principal, la que negó el beneficio de pobreza, fué la de 27 de mayo, igual en ambas causas. La moción de reconsideración si bien por una parte trata de convencer a la corte sentenciadora del porqué de la falta de juramento personal de la apelante estuvo justificada, es lo cierto que por otra parte trata de cumplir con la siguiente insinuación de dicha corte hecha en su resolución de mayo 27, a saber: ''La madre de la acusada muy bien ha podido jurar desde Mayagüez esta moción y prestar una declaración jurada en apoyo de la misma, y así la corte hubiese tenido una base legal para ejercitar su discreción en la forma que requiriese la justicia del caso.'' Ya dijimos que a la moción se acompañó la declaración jurada de doña María Dolores Rivera viuda de Nazario, madre de la apelante.

Siendo ello así, bien pueden considerarse como una integridad las resoluciones de 27 de mayo y aquéllas por virtud de las cuales la corte se niega a reconsiderarlas insistiendo en su juicio no obstante las nuevas razones aducidas y la prueba presentada. Y bien, puede estimarse que de esa integridad es de la que se apela para ante este tribunal.

*No ha lugar a las desestimaciones solicitadas.*